# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| BROADVIEW INVESTMENTS, LLC, et al., : : : Plaintiffs, : : v. : : AMERISURE INSURANCE COMPANY, et al., : : : Defendants. : : : : | Case No. 3:22-cv-00101-CDL Hon. Clay D. Land |

**CONSENT PROTECTIVE ORDER**

The above-captioned litigation proceeding (the "Action") involves a dispute concerning the Defendant insurers' defense obligations under certain insurance policies with respect to various underlying lawsuits. As such, the Action is expected to involve the exchange of documents and other materials and information that is highly confidential and/or privileged vis-a-vis the plaintiffs in the underlying lawsuits which are ongoing and give rise to this Action. In addition, the parties anticipate discovery in this case will also involve the production of documents and things containing other confidential business, commercial, personnel, and financial information, as well as other confidential information and witness testimony that may concern matters that are of a

1

confidential nature, and regarding which the parties respectively have a legitimate need to protect the confidentiality. By consent and agreement of the parties, the parties have requested entry of this order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ordering that confidential information be used or disclosed only in designated ways (the "Protective Order"). For good cause having been shown, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Order shall govern all information and materials produced or exchanged in connection with this Action, including all hard copy and electronic documents, discovery responses or other materials, the information contained therein, and all testimony provided.

2. A party producing or propounding written discovery responses, documents or other materials, including electronically-produced materials, that contain trade secret, privileged or other confidential information ("Confidential Information"), shall mark or electronically designate such discovery responses, documents or other materials with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" as further described in this Protective Order. A non-party subject to discovery in this Action may also designate documents or testimony Confidential or Highly Confidential-Attorneys' Eyes Only under this Protective Order. Documents and other materials so marked are sometimes referred to in this Order as "Protected Documents." The parties

agree that they will be judicious and reasonable in designating materials as Confidential or Highly Confidential-Attorneys' Eyes Only under this Order.

3. If a Protected Document is used or marked as an exhibit in a deposition, or if deposition testimony discloses or discusses Confidential Information, counsel for the deponent or the party with whom the deponent is affiliated, or counsel for any party to this Action, shall inform the deposing counsel of the confidentiality of any such testimony or exhibit and shall designate the testimony or exhibit as Confidential or Highly Confidential-Attorneys' Eyes Only, either contemporaneously during the deposition or within thirty (30) days after receiving a copy of the deposition transcript. Unless counsel for the deponent or any party to this Action designates the testimony or deposition exhibit(s) as Highly Confidential-Attorneys' Eyes Only during the deposition or unless otherwise agreed in writing, all depositions shall be treated as Confidential during the thirty (30) day period set forth above. The deposition of any witness (or any portion of such deposition) that counsel for any party or non-party contends does or may encompass Confidential Information shall be taken only in the presence of persons who are qualified to have access to such information under the terms of this Order. For purposes of this Order, a deponent is "affiliated" with a party if he or she is a past or present officer, director, member, shareholder, agent, employee, consultant or representative of such party. Court reporters and videographers engaged to

record and/or videotape depositions in this case shall be informed that they are bound by this Order.

4. The designation of confidential material shall be made by placing, stamping, or otherwise electronically affixing on each page of the material, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," which word(s) may be accompanied by information indicating that the document is subject to this Protective Order. All copies, duplicates, extracts, or reproductions ("copies") of documents designated as Confidential or Highly Confidential-Attorneys' Eyes Only under this Protective Order, or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Protective Order. A party shall not be deemed to have waived any right to designate materials as confidential by allowing inspection of such material prior to a designation of such material as confidential or by inadvertently failing to mark a document as confidential prior to disclosure of the same.

5. Confidential Information and Protected Documents shall be used solely and exclusively for the purpose of this Action and, under no circumstance, may Confidential Information or Protected Documents be used in any other action

or for any purposes unrelated to this Action. No person receiving such Confidential Information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Confidential Information and/or its contents to any person other than as specified herein. Any other use of Confidential Information is prohibited.

6. Protected Documents, and the information and contents thereof, and Confidential Information designated as "Confidential" may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

   a. The parties and their respective employees;

   b. Counsel of record for the parties and direct employees of such counsel who are materially assisting in the preparation or trial of this Action;

   c. Experts, consultants and vendors retained by a Party whose assistance is necessary for trial preparation of this specific action;

   d. A party or non-party witness and counsel for such witness in preparation for or in the course of the witness' testimony in a deposition or trial conducted in this Action to the extent reasonably deemed necessary by counsel for a Party in order to prepare for or to examine such witness;

  e. The parties' auditors, accountants, regulatory agencies that request or require access to the documents, insurers, reinsurers, reinsurance intermediaries and retrocessionaires;

  f. The Court and Court's employees and staff;

  g. Private court reporters and videographers pursuant to Paragraph 2 of this Protective Order; and

  h. Any person mutually agreed upon in writing by all parties.

7. Protected Documents, and the information and contents thereof, and Confidential Information designated as "Highly Confidential – Attorneys' Eyes Only" may be disclosed only to the Qualified Persons referenced in paragraphs 6(b), (f), (g) and (h) above, provided that, with respect to bills, legal statements, invoices or other documents reflecting services performed on Plaintiffs' behalf for which they seek payment from Defendants, claims and bill review personnel employed by Defendants, who have a legitimate need to review the documents in connection with Plaintiffs' request for payment and who have executed Exhibit A, may review such documents even if the documents have been designated as "Highly Confidential – Attorneys' Eyes Only."

8. All documents and all briefs and other papers containing Protected Documents or Confidential Information shall not be filed with or submitted to the Court or otherwise disclosed except as provided in this Order. Any party that

desires to file or otherwise submit to the Court Protected Documents or Confidential Information shall notify all parties as soon as practicable **(no less than ten business days before filing the material)** to give the other parties an opportunity to respond, including to move the Court to file the document(s) or information under seal pursuant to Rule 26 of the Federal Rules of Civil Procedure and the section of this Court's Rules 16 and 26 Order, filed on April 11, 2023, addressing "Orders Regarding Confidentiality." Any motion to file under seal shall provide good cause for why such Protected Documents or Confidential Information shall not be made part of the public record.  Pending a ruling by the Court on any such motion, the Protected Documents or Confidential Information shall be filed or submitted in redacted form only with all contents of Protected Documents or Confidential Information redacted.  All documents and all briefs and other papers containing Protected Documents or Confidential Information filed with or submitted to the Court under seal shall be conspicuously marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior to such filing or submission.

    9.    Before being given access to any Protected Documents or Confidential Information, each Qualified Person (other than the Court) shall be advised of the terms of this Order.  Prior to providing any Protected Documents or Confidential Information to Qualified Persons identified in paragraphs 6(c), (d), (e)

or (g), the party hiring or otherwise desiring to provide such documents or information to such persons shall also obtain from such person(s) a signed Declaration of Compliance as set forth in Exhibit A.

10. In the event any party or non-party discovers, after it has produced documents or information, that it has inadvertently produced documents or information that should have been, but was not, designated as Confidential or Highly Confidential-Attorneys' Eyes Only, the producing party or non-party may designate the documents or information as Confidential or Highly Confidential-Attorneys' Eyes Only by a subsequent notice in writing specifically identifying the documents or information and furnishing such documents or information with the correct designation, in which event the parties and non-parties in possession of such documents or information shall, thereafter, treat such documents or information as Confidential Information under this Order in accordance with the correct designation, and the recipient of such improperly designated documents or information shall undertake their best effort to retrieve any disclosure, dissemination, or use of such improperly designated documents or information from persons not entitled to receive such documents and, upon receipt of the properly designated substitute documents or information, shall return or destroy the previously received improperly designated documents.

11. Inadvertent production of documents subject to attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine shall not constitute a waiver of the immunity or privilege. The privileged material shall be returned to the producing party by the party or non-party receiving the privileged material immediately upon notice by the producing party or non-party to the recipient. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing party or non-party upon timely request. No use may be made of such documents subsequent to the request to return them. Nothing in this Protective Order shall limit the receiving party or non-party from requesting that the Court order the production of any such inadvertently produced documents, except such request may not be based upon the argument of waiver of the privilege or right to withhold documents.

12. To the extent that Plaintiffs, or a non-party subject to discovery in this Action, produce any bills, legal statements, invoices or other documents reflecting services performed on their behalf for which they seek payment from Defendants, which Plaintiffs, or such non-party, designate as Confidential or Highly Confidential-Attorneys' Eyes Only, such production shall not constitute a waiver of the attorney/client privilege or work product doctrine by Plaintiffs with respect to such documents.

13. Within sixty (60) days after this Action is finally terminated and all available appellate remedies have been exhausted or after such time as is mutually agreed upon by the parties in writing or needed by a party to meet the requirements of its auditors, accountants, regulatory agencies, document retention policy, insurers, reinsurers, reinsurance intermediaries and/or retrocessionaires, whichever is longer, each Qualified Person shall either (a) return to the producing party or non-party all materials designated as Confidential Information under this Order and all copies thereof, or (b) destroy such documents using commercially reasonable efforts and confirm such destruction promptly upon written request of the producing or designating  party or non-party.  The requirement to return or destroy documents does not require a Qualified Person subject to this Protective Order to produce or destroy Protected Documents that are only retrievable through the use of specialized tools or techniques typically used by a forensic expert, or any other data that is generally considered not reasonably accessible.  Notwithstanding the above requirements to return or destroy documents, outside counsel for each Qualified Person may retain a copy of pleadings or motion papers filed in Court, expert reports, and deposition and court transcripts or recordings, and may retain attorney work product including an index which refers or relates to information designated confidential.  Outside counsel may also retain attorney work product including an index which refers or relates to information designated confidential.

All retained material referenced herein shall continue to be treated as Confidential or Highly Confidential-Attorneys' Eyes Only under this Protective Order.

14. After the termination of this Action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. This Protective Order is and shall be deemed to be an enforceable agreement between the Parties (and their agents and attorneys, to the extent permissible by the applicable rules of professional conduct) and with any non-party receiving documents protected hereunder. The terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

15. If a party or non-party receiving Confidential Information produced by another party receives a subpoena or other legal process which calls for disclosure of any material marked or designated Confidential or Highly Confidential-Attorneys' Eyes Only by another party or non-party, the receiving party or non-party shall give prompt written notice of such subpoena or other legal process to counsel for the designating party or non-party, by email and first-class mail and cooperate with such designating party or non-party with respect to determining whether and to what extent to take legally available steps to preclude or minimize disclosure of such Confidential Information.

16. To the extent that exhibit lists are filed in this case, the parties shall, at the appropriate time, address the use and protection of such Confidential Information and documents at trial.

17. If a party contends that any document has been erroneously, unreasonably or inappropriately designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," it shall nevertheless treat the document in accordance with the designation unless and until it either (a) obtains written permission from the party or non-party that designated the document as Confidential or Highly Confidential-Attorneys' Eyes Only to do otherwise, or (b) identifies the specific document and obtains an Order of this Court stating that the document is not Confidential or Highly Confidential-Attorneys' Eyes Only and shall not be given such confidential treatment. The designating party or non-party has the burden to justify why it is confidential. Nothing in this Protective Order shall constitute a waiver of any party's right to object to the designation of a particular document as confidential. If the document at issue was produced by a non-party, the party objecting to the designation of "Confidential" or "Highly Confidential-Attorneys' Eyes Only" shall provide that non-party with notice of its objection, with copies of any materials submitted or filed regarding the designation of that non-party's documents and with notice of any conference or hearing that may be conducted related to the designation of that non-party's document(s). A

party may object to the designation of material as Confidential or Highly Confidential-Attorneys' Eyes Only by notifying the producing party or non-party in writing, specifying the material at issue, and providing the grounds for the objection. Within ten (10) business days of such notice, or such later time as involved parties or non-parties may agree, the parties and any non-party whose Confidential Information is at issue shall confer concerning the designation of the material. If differences remain after the conference, the party or non-party objecting to the designation of the disputed material as Confidential Information shall seek from the Court a ruling that the designation is unjustified within ten (10) business days of the conference, and the material shall retain its designated confidential status unless and until the Court orders otherwise.  Any disputes regarding the designation of material as Confidential Information shall be resolved pursuant to the procedures for discovery disputes outlined in the Joint Scheduling Order filed on May 23, 2023 (with the exception of the requirement for "in person" conferrals).  A party's decision not to object to the designation of any material as confidential shall not constitute an agreement or admission that the material is in fact confidential.

18.   Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party

from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

19. By entering into this Protective Order, the parties do not waive any objections to the relevance, discoverability, authenticity or admissibility of any material that may be sought in discovery in this Action or the right to oppose production of any material on the ground of attorney-client privilege, work product doctrine, or any other privilege or protection provided under the law.

ENTERED this 25th day of May, 2023.

s/Clay D. Land
The Honorable Clay D. Land
USDC Middle District of Georgia

Consented to by: **WOMBLE BOND DICKINSON (US) LLP**

*/s/ Jennifer S. Collins*
M. Elizabeth O'Neill (GA Bar 058163)
Elizabeth.Oneill@wbd-us.com
Jennifer S. Collins (GA Bar 436806)
Jennifer.Collins@wbd-us.com
271 17th Street N.W.
Suite 2400
Atlanta, Georgia 30363
Telephone:   (404) 879-2472
Facsimile:    (404) 888-7490

**ATTORNEYS FOR DEFENDANTS TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AND ST. PAUL SURPLUS LINES INSURANCE COMPANY**

| | |
|---|---|
| Consented to by: | **CLYDE & CO US LLP** |

*/s/ Eileen King Bower*
Eileen King Bower
IL Bar No. 6199574 (admitted pro hac vice)
eileen.bower@clydeco.us
55 West Monroe Street
Suite 3000
Chicago, IL 60603
Tel: (312) 635-7000
Fax: (312) 635-6950

Scott F. Bertschi (GA Bar 055716)
scott.bertschi@clydeco.us
Da-Shon A. Dixon (GA Bar 312868)
dashon.dixon@clydeco.us
271 17th Street NW, Suite 1720
Atlanta, Georgia 30363
Tel: (404) 410-3150
Fax: (404) 410-3151

**ATTORNEYS FOR DEFENDANT AMERISURE INSURANCE COMPANY**

| | |
|---|---|
| Consented to by: | **NELSON MULLINS RILEY & SCARBOROUGH LLP** |

*/s/ Lauren Byrne*
Lauren Byrne (GA Bar 220271)
Lauren.Byrne@nelsonmullins.com
201 17th Street NW, Suite 1700
Atlanta, GA  30363
Tel: (404) 322-6191
Fax: (404) 322-6050

**ATTORNEYS FOR DEFENDANT LM INSURANCE CORPORATION**

Consented to by:              **FREEMAN MATHIS & GARY, LLP**

*/s/ Matthew F. Boyer*
Matthew F. Boyer (Ga Bar 141512)
mboyer@fmglaw.com
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

**ATTORNEY FOR CONTINENTAL CASUALTY COMPANY**

Consented to by:              **WIEDNER & McAULIFFE, LTD.**

*/s/ Patrick T. Cody*
C. Zachary Vaughn, #56408MO
Patrick T. Cody, #61116MO
101 S Hanley, Suite 1450
Clayton, Missouri 63105
(314) 721-3400 – telephone
(314) 725-5755 – fax
czvaughn@wmlaw.com
ptcody@wmlaw.com
*Appearing Pro Hac Vice*

**FREEMAN MATHIS & GARY, LLP**
W. Shawn Bingham (Ga Bar 839706)
sbingham@fmglaw.com
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

**ATTORNEY FOR THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY**

Consented to by:  **JOHNSON MARLOWE LLP**

*/s/ Dustin Marlowe*
Dustin Marlowe (Ga Bar 773538)
dustin@johnsonmarlowe.com
Spence Johnson (Ga Bar 393469)
spence@johnsonmarlowe.com
335B Oconee Street
Athens, GA 30601
Tel: (706) 425-8740

**MILLER FRIEL, PLLC**
Brian G. Friel
DC Bar No. 452329 (admitted *pro hac vice*)
frielb@millerfriel.com
Sara Z. Moghadam
DC Bar No. 463862 (admitted *pro hac vice*)
moghadams@millerfriel.com
2445 M Street NW, Suite 910
Washington, DC 20037
Tel: (202) 760-3160

**ATTORNEYS FOR PLAINTIFFS**

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, do declare and state as follows:

1. My address is _____.

2. I have read the Protective Order entered in this case, a copy of which has been given to me.

3. I understand and agree to comply with and be bound by the provisions of the Order, including that upon receipt of any Confidential Information, I will be personally subject to it, and to all of its requirements and procedures. Specifically, I acknowledge and agree that I hereby submit to the personal jurisdiction of the Court solely as it relates to my ongoing compliance with the terms of the Protective Order entered in this matter on _____.

4. Further, I declare as provided by 28 U.S.C. §1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this \_\_\_ day of _____, 20\_\_.

_____

Printed name: _____